THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
9600 S. Dixie Hwy
Suite 1311
Miami, Florida 33156
Telephone: (305) 916-1122
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiff, Eric Mercer, Jr.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MERCER, JR., an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>CASH CARTI MUSIC, LLC, a Delaware limited liability company;<br>JORDAN CARTER p/k/a "Playboi Carti";<br>UNIVERSAL MUSIC GROUP, INC., a Delaware corporation;<br>INTERSCOPE RECORDS; and<br>DOES 1 through 100, inclusive<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>  1.  COPYRIGHT INFRINGEMENT<br>  2.  RIGHT OF PUBLICITY<br>  3.  BREACH OF CONTRACT<br>  4.  UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW COMES Plaintiff, ERIC MERCER, JR. ("Mr. Mercer" or "Plaintiff"), by and through undersigned counsel and hereby files this Complaint and Demand for Jury Trial against Defendants, CASH CARTI MUSIC, LLC ("CCM"); JORDAN CARTER p/k/a "Playboi Carti" ("Carter"); UNIVERSAL MUSIC GROUP, INC ("UMG"); INTERSCOPE RECORDS ("Interscope") (collectively, UMG and Interscope shall be referred to as the "LABEL"); and DOES 1 through 100, inclusive, (all defendants collectively shall be known as, the "DEFENDANTS") and states as follows:

## INTRODUCTION

1. This is a suit based upon violations of the United States Copyright Act (the "Act") and tort claims. The Plaintiff has specifically plead counts of: Copyright Infringement, Violations of Plaintiff's Right of Publicity, and/or additionally, or in the alternative, Breach of Contract and/or additionally, or in the alternative a claim for Unjust Enrichment. Plaintiff, however, may move to amend these counts should additional counts and/or claims against the DEFENDANTS be discovered.

2. Plaintiff is seeking damages in an amount to be proved at trial in excess of Seventy-Five Thousand ($75,000.00), including an award of, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an individual, and he was at all relevant times mentioned herein a citizen of the State of Washington.

4. Defendant CCM is a Delaware limited liability company. At all relevant times herein, CCM conducted business in the State of California and in Los Angeles County.

5. Defendant Carter is an individual, and he was at all relevant times mentioned herein a citizen of the State of Georgia.

6. Defendant UMG is a Delaware corporation with its principal place of business in the State of California. At all relevant times herein, UMG conducted business in the State of California in Los Angeles County. At all relevant times herein, CCM and Carter released Carter's music through the LABEL.

7. Defendant Interscope is a record label with its principal place of business in the State of California, in Los Angeles County. At all relevant times herein, Interscope conducted business in the State of California. Interscope is owned, controlled, and/or operated by UMG. At all relevant times herein, CCM and Carter released Carter's music through the LABEL.

8. The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to PLAINTIFF. Further the true names and capacities, whether individual,

COMPLAINT FOR DAMAGES - 2

corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 100, inclusive, are unknown to PLAINTIFF. PLAINTIFF therefore sues Defendants by such fictitious names. PLAINTIFF is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to PLAINTIF, as hereinafter alleged. PLAINTIFFS will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the United States Copyright Act.

10. Venue is proper in this District pursuant to § 1391, in that each of the Defendants resides and/or conducts business in Los Angeles County, California, and a substantial part of the events giving rise to these claims occurred in Los Angeles County, California.

## GENERAL ALLEGATIONS

11. On or around April 14, 2017, Carter released, for commercial purposes, a musical composition entitled "Kelly K" (the "Song") via his debut album "Playboi Carter" (the "Album") through the LABEL.

12. The Song, and thus the Album, contained contributions from, among others, Mr. Mercer.

13. Mr. Mercer is a multi-hyphenate singer/songwriter/producer/engineer, who has worked with several prominent artists and producers, including Dr. Dre, Jake One, Anderson.Paak, Justin Timberlake, Macklemore, and even Carter.

14. Prior to the release of the Song, Mr. Mercer recorded his vocals with Jacob Dutton p/k/a Jake One ("Dutton").

15. After recording his vocals with Dutton, Dutton used Mr. Mercer's recorded vocals which became a part of the sound recording and ultimately the Song as well.

16. Both the Song and the Album were both ultimately commercially successful and the Album was certified platinum by the R.I.A.A., meaning it sold over 1,000,000.00 certified units.

17. At no point prior to the release of the Song did Mr. Mercer transfer any of his rights, including, but not limited to his copyrights to Dutton or any of the Defendants.

18. On July 19, 2019, over two (2) years after the Songs release, CCM and Carter presented Mr. Mercer with a split sheet, in which it was proposed that Mr. Mercer would receive a five (5%) percent ownership interest in the Song in exchange for his contributions to and vocals on the Song (the "Agreement").

19. Mr. Mercer executed the Agreement on January 24, 2020.

20. Despite the commercial success of the Song and the Album, Mr. Mercer had yet to be compensated for his contributions to the Song, and has yet to receive a single dollar, or even an accounting of what is owed to him.

21. In light of this, Mr. Mercer provided written notice to the Defendants that he was rescinding the Agreement and that their use of the Song, which contained his vocals was thus unauthorized.

22. Despite having received this written notice via email and via certified mail, none of the Defendants responded to Mr. Mercer's correspondence, and Mr. Mercer has still yet to be compensated for his contributions to the Song.

23. In addition, and even more egregious the Defendants continue to profit from streams, downloads and sales of the Song and the Album despite having knowledge that their use of Mr. Mercer's vocals was unauthorized.

24. Because the DEFENDANTS' use of Mr. Mercer's vocals on the Song is and was unauthorized Mr. Mercer is entitled to compensation under the United States Copyright Act (the "Act").

## COUNT I
## COPYRIGHT INFRINGEMENT
(by PLAINTIFF against the DEFENDANTS)

25. PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

26. Through the DEFENDANTS' as actions alleged above, the DEFENDANTS have infringed and will continue to infringe on Mr. Mercer's vocals in violation of Mr. Mercer's exclusive rights under 17 U.S.C. § 101 *et seq* as the DEFENDANTS never had any authorization or other permission to include the vocals on the Song or the Album prior to its release.

27. In addition, any rights provided to the DEFENDANTS under the terms of the Agreement, were rescinded by Mr. Mercer after the DEFENDANTS failed to provide him with payment and/or any ancillary benefits such as an R.I.A.A. certified platinum plaque.

28. Upon information and belief, the DEFENDANTS' infringement of Mr. Mercer's vocal copyright has been deliberate, willful, and in utter disregard of Mr. Mercer's rights.

29. Given the commercial success of the Song and the Album, the DEFENDANTS have realized unjust profits, gains and advantages as a proximate result of their infringement, and they will continue realizing unjust profits, gains and advantages as a proximate result of their infringement, as long as such infringement is permitted to continue.

30. As a direct and proximate result of the DEFENDANTS' willful copyright infringement, Mr. Mercer has suffered and will continue to suffer, monetary loss and other losses.

31. Mr. Mercer is entitled to recover from the DEFENDANTS, in amounts to be determined at trial,

the damages that he has sustained and will sustain, and any gains, profits and advantages obtained by the DEFENDANTS as a result of the DEFENDANTS' acts of infringement and their use and publication of Mr. Mercer's vocals.

32. Mr. Mercer is entitled to recover damages from the DEFENDANTS that include attorneys' fees and costs he has sustained and will sustain, any gains, profits and advantages obtained by the DEFENDANTS as a result of their actions that have been alleged above.

33. At the present time, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Mr. Mercer; however, such will be established according to proof at trial.

**COUNT II**
**VIOLATIONS OF RIGHT OF PUBLICITY UNDER CCP § 3344(a)**
(by PLAINTIFF against the DEFENDANTS)

34. PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

35. Through the DEFENDANTS' actions as alleged above, the DEFENDANTS have violated Mr. Mercer's right to privacy and specifically his right to publicity under California Code of Civil Procedure Section 3344(a) when the DEFENDANTS released the Recording that included Mr. Mercer's vocals without any authorization or other permission to include the vocals on the Song or the Album.

36. Upon information and belief, the DEFENDANTS' infringement of Mr. Mercer's vocal copyright has been deliberate, willful, and in utter disregard of Mr. Mercer's rights.

37. While Mr. Mercer and CCM did enter into the Agreement over two (2) years after the release of the Song, Mr. Mercer ultimately rescinded the Agreement after he failed to receive payment for his contributions to the Song and the Album.

38. The DEFENDANTS knowingly and intentionally used Mr. Mercer's vocals on the Song to promote the Album, Carter's tour and to amass substantial wealth and income for themselves.

39. The DEFENDANTS' use of Mr. Mercer's vocals was for commercial purposes and it did not occur in connection with any news, public affairs, sports broadcast, or political campaign/commentary.

40. The DEFENDANTS did not have Mr. Mercer's consent or authorization to use his vocals for any commercial purpose(s) when the Song was.

41. As a result of the DEFENDANTS use of Mr. Mercer's vocals he has been harmed in a physical, emotional and pecuniary, and the DEFENDANTS' conduct was substantial factor in causing Mr. Mercer's harm.

42. Mr. Mercer is entitled to recover damages from the DEFENDANTS that include attorneys' fees and costs he has sustained and will sustain, any gains, profits and advantages obtained by the DEFENDANTS as a result of their actions that have been alleged above.

43. At the present time, the amount of such damages, gains, profits and advantages cannot be fully ascertained; however, such will be established according to proof at trial.

## COUNT III
## BREACH OF CONTRACT
### (PLAINTIFF against CCM and CARTER)

44. PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 24 and incorporates the same herein as though fully set forth herein.

45. In addition, and/or the alternative, Plaintiff seeks relief under a breach of contract theory.

46. On or about July 19, 2019, CCM and Carter presented the Agreement to Mr. Mercer in which Plaintiff was to receive a five (5%) percent ownership interest in the Song in perpetuity.

47. The Song, however, had already been released for over two (2) years by the time the Agreement was presented to Mr. Mercer.

48. Mr. Mercer signed the Agreement on or around January 24, 2020.

49. Despite entering the Agreement to receive a five (5%) percent ownership interest in the Song in

Perpetuity, Mr. Mercer has not received one (1) red cent for his contributions to the Song and on the Album.

50. CCM and Carter's failures to pay or ensure that Mr. Mercer was paid are, and were, in direct breach of the Agreement.

51. The Song continues to be streamed, downloaded and sold, and Mr. Mercer is therefore entitled to five (5%) of each sale, including those that happen in the future.

52. Due to CCM and Carter's breaches of the Agreement they have both benefitted financially and through the goodwill that was acquired through the Song, and therefore due to their breach of the Agreement, Mr. Mercer is entitled to damages in an amount to be determined at trial.

**COUNT IV**
**UNJUST ENRICHMENT**
**(PLAINTIFF against the DEFENDANTS)**

53. PLAINTIFF hereby repeats, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 24 and incorporates the same herein as though fully set forth herein.

54. In addition, and/or the alternative, Plaintiff seeks relief under an unjust enrichment theory.

55. On or about April 14, 2017, the DEFENDANTS released the Album, which featured the Song for commercial purposes.

56. The Song featured Mr. Mercer's vocals throughout it.

57. By using Mr. Mercer's vocals, Mr. Mercer conferred a benefit upon the DEFENDANTS.

58. The Song and the Album continue to provide the DEFENDANTS with financial benefits and will continue to do so in the future.

59. The DEFENDANTS are and were aware of, and had knowledge of, the benefit that they received from Mr. Mercer when they released the Album, which featured the Song encompassing Mr. Mercer's vocals.

60. The DEFENDANTS intended to receive financial gain and compensation through the release

of the Album and the Song and they ultimately did receive financial gain and compensation through the sales and streams that they received of the Album and the Song.

61. Notwithstanding the financial gain and compensation that the DEFENDANTS received through their use of Mr. Mercer's vocals on the Album and the Song, Mr. Mercer has not received *any* financial gain or compensation though the commercial release of the Album or the Song and he has not been compensated in any way for his contributions.

62. The circumstances are such that it would be inequitable for the DEFENDANTS to retain the benefit(s) that were conferred on them by Mr. Mercer, without providing any benefit to Mr. Mercer.

**WHEREFORE**, for the reasons set forth herein, PLAINTIFF respectfully requests that this Court award damages in his favor and against the DEFENDANTS and each of them as follows:

a. For general and special damages to be proven at trial in an amount in excess of $75,000.00 dollars;

b. For an injunction, declaration, or other mandate that provides for the DEFENDANTS to direct any and all third-parties whom they control to properly credit Plaintiff in the ways they can before this action and going forward;

c. For a plaque and any other credit/ancillary benefit that Plaintiff is entitled to;

d. For the costs of this action;

e. For attorney's fees; and

f. For any other and further legal and equitable relief this Court deems just and proper.

DATED this 24th day of January 2025.

                                                    **THE WILLIAMS LAW GROUP**

                                                    _____/s Andrew Williams, Esq._

## DEMAND FOR JURY TRIAL

Plaintiff ERIC MERCER, JR., hereby demand a trial by jury for all issues so triable.

DATED this 24th day of January 2025.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.

## RESERVATION OF RIGHTS

Plaintiff ERIC MERCER, JR. reserves the right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against the DEFENDANTS or any other parties as may be warranted under the circumstances and as allowed by law. Plaintiff ERIC MERCER, JR. further reserves the right to seek and have punitive damages assessed against the Defendants.

DATED this 24th day of January 20205

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.